W. BAILEY REXROAT

*v.*

DAVID K. VAUGHN.

*Opinion filed October 13, 1899.*

DEEDS—*evidence must be clear to warrant reformation of deed to include land not covered.* A deed will not be reformed, in equity, on the ground of mutual mistake, so as to include land not covered by it, in the absence of clear and satisfactory evidence.

APPEAL from the Circuit Court of Morgan county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

H. G. WHITLOCK, for appellant.

R. W. MILLS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant, Rexroat, brought his bill in the court below to reform a deed so as. to include in it a thirty-acre tract which he alleges he purchased, with other lands, from appellee, Vaughn, and which was by mistake omitted from the deed. Vaughn's defense was, that he had not sold or agreed to convey to Rexroat said thirty acres, but that Rexroat had obtained from him the rest of his lands (about one hundred and thirty-eight acres) for an inadequate consideration and while he was intoxicated, which intoxication he alleged was induced by Rexroat.

The substance of the case is, that in 1888 Vaughn, then twenty-two years old, inherited from his father one hundred and twenty acres of land in Morgan county and forty-

eight acres in Cass county. Thirty acres of said one hundred and twenty acres, and the forty-eight acres, were assigned to the widow as her homestead and dower, and appellee came into possession of the rest—ninety acres. Rexroat owned and lived upon a large farm adjoining, and he and appellee, both addicted to strong drink, became friendly and intimate, and frequently went together to the city of Jacksonville, where they patronized saloons liberally and often returned home in a state of intoxication. Rexroat loaned money to Vaughn, which Vaughn squandered. Vaughn had also become indebted to others, which indebtedness was in part secured by a mortgage and part by judgment liens. While thus financially involved and pursuing a course of reckless dissipation, the evidence shows that Vaughn desired to sell his lands and offered them for sale to other parties besides Rexroat, and finally, in pursuance of a verbal agreement, did convey to Rexroat said ninety acres and said forty-eight acres in consideration of the satisfaction of a mortgage for $1500, dated March 22, 1889, and a certificate of redemption of $960, dated September 20, 1890, and of the payment of $3485 in cash, but whether or not the thirty-acre tract was by the agreement of sale to have been included in the transfer is not altogether clear from the evidence. Rexroat testified that it was, and that he supposed it was described with the other lands in the deed, and did not know that it was omitted until long afterward, when he had an abstract prepared. Vaughn testified it was not included in the agreement of sale, and that by the agreement the crops on the land were reserved to him, but that Rexroat took possession and kept them. Several witnesses testified that Vaughn had said, soon after the transaction, that he had sold all of his land to Rexroat and that the latter had dealt honorably with him. The evidence shows that the consideration paid was inadequate for all of the land, including the thirty-acre tract, although part of it was encumbered by the life

estate of the widow of Vaughn's father for dower. The scrivener who drew the deed did not testify, nor does it appear how he obtained the description of the property which he included in the deed, nor what the circumstances were that attended the preparation, execution and delivery of the deed. Rexroat testified that the verbal contract was that he was to pay, and that he did pay, $6000 for all the land, including the thirty acres, but not that he was to pay any particular price per acre. The evidence shows that the ninety acres were worth substantially this amount without the matured crop.

Upon this evidence we are asked to find that the solemn contract of the parties, as evidenced by the deed, is not the real contract, but that by the mutual mistake of the parties it failed to convey all the lands actually sold by Vaughn and paid for by Rexroat. The evidence is too uncertain and contradictory to authorize such a finding. The rule is, that to authorize a court of equity to reform a written agreement or a deed of conveyance between parties on account of mistake, the mistake must be that of both, and must be proved by clear and satisfactory evidence, and until the mistake is satisfactorily shown the written instrument will be presumed to state correctly the intention of the parties. (*McDonald* v. *Starkey*, 42 Ill. 442; *Sutherland* v. *Sutherland*, 69 id. 481; *Cleary* v. *Babcock*, 41 id. 271.) The evidence in the case at bar is not sufficiently clear and satisfactory to authorize a court of equity to reform the deed. The decree asked for would, of course, in effect, be equivalent to a decree for a specific performance of the contract to convey the thirty acres for the consideration paid. We are satisfied that a court of equity would not be justified in granting such relief upon the evidence in this case.

The decree of the circuit court is right and must be affirmed.                                    *Decree affirmed.*